IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DOMINICO SADDLER**                                                            **PETITIONER**

**V.**                                                                                  **NO. 1:12CV078-D-A**

**CIRCUIT COURT OF LOWNDES COUNTY**                            **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate currently housed in the Lowndes County Detention Center, files this matter pursuant to 28 U.S.C. § 2254. Petitioner complains about a state conviction arising out of a domestic dispute. Noticeably absent from the pleadings, however, is any proof or allegation that Petitioner has presented his claim to the State's highest court.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Accordingly, "when a prisoner alleges that his continued

confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844.

Petitioner's complaint is premature. Before relief may be granted in a federal habeas petition under § 2254, he must exhaust available state court remedies. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. It is clear, Petitioner has not presented his claims to the State's highest court. Therefore, his petition will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the __14th__ day of May, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

2